1    Steven P. Rice (State Bar No. 094321)
     CROWELL & MORING LLP
2    3 Park Plaza, 20th Floor
     Irvine, CA  92614-8505
3    Telephone:  (949) 798-1310
     Facsimile:  (949) 263-8414
4    Email:  srice@crowell.com

5    Kathleen Taylor Sooy (admitted *pro hac vice*)
     Scott L. Winkelman (admitted *pro hac vice*)
6    Tracy A. Roman (admitted *pro hac vice*)
     CROWELL & MORING LLP
7    1001 Pennsylvania Avenue, N.W.
     Washington, D.C.  20004
8    Telephone:  (202) 624-2500
     Facsimile:  (202) 628-5116
9    Email:  ksooy@crowell.com
             swinkelman@crowell.com
10            troman@crowell.com

11   Attorneys for Defendant
     PEABODY ENERGY CORPORATION

12
                     UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                           OAKLAND DIVISION
15

16   NATIVE VILLAGE OF KIVALINA, *et al.*,     )   CASE NO. C08-01138 SBA
                                               )
17                   Plaintiffs,               )   **NOTICE OF MOTION AND MOTION**
                                               )   **TO DISMISS OF DEFENDANT**
18          v.                                 )   **PEABODY ENERGY**
                                               )   **CORPORATION FOR LACK OF**
19   EXXONMOBIL CORPORATION, *et al.*,         )   **PERSONAL JURISDICTION**
                                               )   **PURSUANT TO FED. R. CIV. P.**
20                   Defendants                )   **12(b)(2)**
                                               )
21                                             )   DATE:  December 9, 2008
                                               )   TIME:  1 P.M.
22                                             )   JUDGE:   Hon. Saundra B. Armstrong
                                               )
23   _____)

24         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25         PLEASE TAKE NOTICE that at 1 p.m. on December 9, 2008, or as soon thereafter as

26   the matter may be heard, in the above-entitled court, defendant PEABODY ENERGY

27   CORPORATION ("Peabody") will move and hereby does move pursuant to Rule 12(b)(2) of

28

1  the Federal Rules of Civil Procedure for an order dismissing the Complaint with prejudice as to

2  Peabody.

3      By its Motion and the accompanying Memorandum of Points and Authorities, Peabody

4  seeks an order dismissing the Complaint with prejudice and without leave to amend.

5

6  DATED:  June 30, 2008                    CROWELL & MORING LLP
                                            By: /s/  STEVEN P. RICE

7

8                                           Attorney for Defendant
                                            PEABODY ENERGY CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 1

II.     FACTUAL BACKGROUND ...................................................................................... 2

III.    ARGUMENT .............................................................................................................. 3

        A.      Standard of Review ........................................................................................ 3

        B.      The Court Does Not Have Personal Jurisdiction Over Peabody. ........................ 4

                1.      The Court Does Not Have General Jurisdiction Over Peabody. ............. 4

                2.      The Court Does Not Have Specific Jurisdiction Over Peabody. ............. 6

                        a.      Peabody Did Not Purposely Avail Itself of the
                                California Forum. ....................................................... 6

                        b.      Exercising Jurisdiction Over Peabody Would
                                Violate Traditional Notions of Fair Play and
                                Substantial Justice. .................................................... 7

CONCLUSION ................................................................................................................. 9

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................................6

4

*Calder v. Jones*, 465 U.S. 783 (1984)..........................................................................7

5

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ............................8

6

*Corporate Inv. Bus. Brokers v. Melcher*, 824 F.2d 786 (9th Cir. 1987) ........................8

7

*Data Disc., Inc. v. Systems Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).....................3

8

*Doe v. Geller*, 533 F. Supp. 2d 996 (N.D. Cal. 2008) ...................................................8

9

*DVI, Inc. v. Orange County*, 104 Cal. App. 4th 1080 (Cal. Ct. App. 2002) ..................5

10

*Funk v. Limelight Media Group, Inc.*, No. 06-72, 2006 WL 2983058 (W.D. Ky. Oct. 16, 2006)..........................................................................................................6

11

12

*Gray Line Tours v. Reynolds Electric and Engineering Co.*, 193 Cal. App. 3d 190 (Cal. Ct. App. 1987) ..................................................................................................5

13

*Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003) ....................................................................................3, 4, 6, 8

14

*Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984)........................4, 6

15

*Int'l Shoe v. Washington*, 326 U.S. 310 (1945).........................................................4, 6

16

*Lake v. Lake*, 817 F.2d 1416 (9th Cir. 1987)................................................................6

17

*N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 536 F. Supp. 2d 181 (D.R.I. 2008) .............................................................................................................6

18

19

*Tercica, Inc. v. Insmed Inc.*, No. 05-5027, 2006 WL 1626930 (N.D. Cal. June 9, 2006)........................................................................................................................3

20

*Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297 (9th Cir. 1985)..............5

21

*Uston v. Grand Resorts, Inc.*, 564 F.2d 1217 (9th Cir. 1977) .......................................5

22

*World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980)...............................3

23

*Young v. Colgate-Palmolive Co.*, 790 F.2d 567 (7th Cir. 1986) ..................................6

24

25

**Statutes and Rules**

26

Cal. Code Civ. Proc. § 410.10 ....................................................................................4

27

Fed. R. Civ. P. 12(b)(2).................................................................................................3

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

3

Plaintiffs are an Alaskan tribe and a municipality incorporated in Alaska, which is

4

occupied primarily by the members of the tribe.  They reside 70 miles north of the Arctic Circle

5

and have no apparent connection to California, let alone to this judicial district.  They

6

nevertheless come to this Court seeking damages for purported "global warming" torts.  Among

7

the many companies named as defendants is non-resident defendant Peabody Energy

8

Corporation ("Peabody"), a coal company.  Like plaintiffs, Peabody has no connection to the

9

State of California.  Peabody:

10

11
- is not incorporated in California;

12
- does not maintain its principal place of business or even a business office in
  California;

13

14
- is not registered to do business in California;

15
- does not have contracts in California;

16

17
- has not committed any tortious acts in California; and

18
- has not otherwise availed itself of the privileges and benefits of doing business in,
  or directing conduct toward, California.

19

Because this Court's exercise of jurisdiction over Peabody would violate Peabody's

20

rights under the Due Process Clause of the Fourteenth Amendment and offend all notions of fair

21

play and substantial justice, the Complaint should be dismissed as to Peabody under Rule

22

12(b)(2) of the Federal Rules of Civil Procedure.

23

24

25

26

27

28

## II.    FACTUAL BACKGROUND

The Complaint alleges as follows:

- Greenhouse gases trap atmospheric heat and cause global warming, which in turn causes arctic ice to melt.  The melting of the arctic ice has resulted in the loss of protection from winter sea storms and increased Kivalina's vulnerability to coastal erosion.  As a result of the coastal erosion, structures and infrastructure on the land are in danger of being destroyed, and Kivalina is in danger of flooding.  Complaint ¶¶ 4, 185.

- Because of the purported effects of global warming on Kivalina, the village will either need to be abandoned or relocated at an estimated cost of $95 million to $400 million.  *Id.* ¶¶ 1, 186.

To support their theory that defendants are responsible for their alleged global warming injuries, plaintiffs allege with respect to all defendants that:

- Defendants are subject to the "general jurisdiction" of the Northern District of California because they either reside in California or have substantial or continuous and systematic contacts with the State (*id.* ¶ 9);

or, in the alternative, that:

- the Court may exercise "specific jurisdiction" over the defendants because they conduct operations in California that "cause greenhouse gas emissions" or emit greenhouse gases into the air "at other locations" knowing that their emissions will have an effect on the "global atmospheric concentration of greenhouse gases" by merging "with the accumulation of emissions in California and in the world." *Id.* ¶ 10.

To support this Court's personal jurisdiction over Peabody, plaintiffs allege that Peabody:

- does business in California (*id.* ¶ 52);

- supplied electricity to California through subsidiaries in 1999 (*id.* ¶ 54);

- through the operation of the Black Mesa Coal Mine, supplied coal slurry to a Nevada generating station which in turn supplied electricity to California (*id.* ¶ 55);

- is registered to do business in California (*id.* ¶ 55);

- is a company in which the California Public Employees' Retirement System owns shares (*id.* ¶ 56); and

1        •     has solicited shareholders in California through the mail and directed the deposit
of dividend checks into the California banks of shareholders. (*Id.* ¶ 56).

**III. ARGUMENT**

The allegations against Peabody do not provide a basis for this Court to exercise personal

jurisdiction under either a "general" or "specific" theory of jurisdiction. As explained below, the

alleged jurisdictional facts as to Peabody are either demonstrably false or insufficient as a matter

of law to bring Peabody within the jurisdiction of this Court.

**A. Standard of Review**

Where the Court lacks jurisdiction over the defendant's *person*, the lawsuit must be

dismissed as to that defendant. *See* Fed. R. Civ. P. 12(b)(2); *World-Wide Volkswagon Corp. v.

Woodson*, 444 U.S. 286, 291 (1980). In determining issues of jurisdiction, the Court may

consider facts established by affidavit that demonstrate the falsity of allegations in the

Complaint. *See Tercica, Inc. v. Insmed Inc.*, No. 05-5027, 2006 WL 1626930, at *8 (N.D. Cal.

June 9, 2006) (Armstrong, J.).

Once personal jurisdiction is challenged, it is the plaintiffs' burden to show that

jurisdiction exists. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d

1122, 1128-29 (9th Cir. 2003). Plaintiffs may not rely on conclusory allegations to establish

personal jurisdiction. *See Data Disc., Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285

(9th Cir. 1977). Because the touchstone of the personal jurisdiction inquiry is whether exercising

personal jurisdiction over a non-resident defendant would comport with due process, it is

plaintiffs' burden to show that the Court's exercise of jurisdiction over Peabody would satisfy

the Due Process Clause, as well as traditional notions of fair play and substantial justice. *See*

*Harris Rutsky*, 328 F.3d at 1129.

**B.    The Court Does Not Have Personal Jurisdiction Over Peabody.**

This Court lacks personal jurisdiction over Peabody.  Peabody is incorporated in Delaware and maintains its principal place of business in St. Louis, Missouri.  It does not do business in the State of California and has not purposefully directed any corporate acts toward California or its residents.

The Due Process Clause of the Fourteenth Amendment protects a non-resident entity from suit in a jurisdiction with which the entity has no meaningful "contacts, ties, or relations." *Int'l Shoe v. Washington*, 326 U.S. 310, 319 (1945).  Due process is satisfied only if the facts warrant the exercise of either "general" or "specific" jurisdiction over the defendant.  *See Harris Rutsky*, 328 F.3d at 1129 & n.1.[1]  Exercising jurisdiction over Peabody under either a "general" or "specific" theory of personal jurisdiction would violate Peabody's due process rights because Peabody has no meaningful contacts, ties or relations with California.

**1.    The Court Does Not Have General Jurisdiction Over Peabody.**

General jurisdiction exists only where a defendant's contacts with the forum state are so "continuous and systematic" that a court may exercise jurisdiction regardless of whether the lawsuit stems from a particular contact.  *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 415 (1984).  Plaintiffs have not satisfied that standard with respect to Peabody.  Plaintiffs' allegations as to Peabody are either false or do not amount to the type of "continuous and systematic" contact with California that gives rise to general personal jurisdiction.  Plaintiffs do not allege, and therefore do not dispute, that Peabody is not a California resident and does not maintain a business office in California.  *See* Affidavit of John F. Quinn, Jr.

---

[1] California's long-arm statute (Cal. Code Civ. Proc. § 410.10) authorizes jurisdiction to the extent of due process, so federal courts analyzing the issue of personal jurisdiction under California law merge the long-arm analysis with the due process analysis. *E.g. Harris Rutsky*, 328 F.3d at 1129.

1    ("Quinn Affidavit") (Exh. 1) ¶¶ 5, 10.  The allegations plaintiffs make to support the Court's

2    personal jurisdiction over Peabody are contradicted by the Quinn Affidavit, which establishes

3    that Peabody:

- does not do business in California (*id.* ¶ 4);

- is not registered to do business in California (*id.* ¶ 3);[2]

- does not supply electricity to California (*id.* ¶ 6); or

- does not supply coal slurry to any non-resident third-party that in turn supplies
  electricity to California.  (*id.* ¶ 6).[3]

10    Furthermore, Peabody does not have any existing coal supply contracts in California,

11   does not pay taxes to California, and does not maintain bank or investment accounts in

12   California.  *Id.* ¶¶ 7, 8, 9.  In short, Peabody does not have a corporate presence in the State of

13   California.

14    As for the other allegations regarding Peabody investors and investment-related

15   activities, even if true they do not give rise to general jurisdiction.  It is irrelevant to personal

16   jurisdiction analysis whether any of Peabody's publicly traded shares are owned by California

17   investors or whether Peabody has ever sent a solicitation mailing to a California shareholder.

---

[2] Even were Peabody registered to do business California, California courts have held that merely being registered to do business in the State does not subject a non-resident entity to personal jurisdiction.  *E.g.*, *DVI, Inc. v. Orange County*, 104 Cal. App. 4th 1080, 1095 (Cal. Ct. App. 2002); *Gray Line Tours v. Reynolds Elec. and Eng'g Co.*, 193 Cal. App. 3d 190 (Cal. Ct. App. 1987).

[3] To the extent Peabody has subsidiaries that may have provided electricity to California or otherwise done business in California, that alone would be insufficient to establish that Peabody itself has sufficient contacts with the forum to permit the Court to exercise jurisdiction over it. *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (holding that district court could not exercise general jurisdiction over parent company whose subsidiary did business in California).  Likewise, plaintiffs have not alleged, nor can they, that the separation between Peabody and its subsidiaries is not real.  *Id.* at 1299; *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977) (declining to exercise jurisdiction over a subsidiary company, even where parent corporation did business in state, because two entities were formally separate).  Moreover, the vague allegations of such conduct – that electricity was supplied by Peabody subsidiaries *nine years ago* (*see* Complaint ¶ 54) or through a third-party generating station in Nevada (*id.* ¶ 55) – fail on their face to demonstrate "continuous and systematic" contacts on which the exercise of general jurisdiction must be based.

5

1    *See, e.g.*, *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 536 F. Supp. 2d 181,

2    195 (D.R.I. 2008) (mailing an investment letter does not confer jurisdiction); *Young v. Colgate-*

3    *Palmolive Co.*, 790 F.2d 567, 570 (7th Cir. 1986) (same); *Funk v. Limelight Media Group, Inc.*,

4    No. 06-72, 2006 WL 2983058, at *5 n.4 (W.D.Ky. Oct. 16, 2006) (having in-state shareholders

5    does not confer jurisdiction).

6

7              **2.      The Court Does Not Have Specific Jurisdiction Over Peabody.**

8              To demonstrate that specific jurisdiction exists, plaintiffs must show that:  (1) Peabody

9    purposefully directed its activities toward California or consummated a transaction within

10   California; (2) the claims arise out of such activities; and (3) the Court's exercise of jurisdiction

11   over Peabody would comport with notions of fair play and substantial justice.  *See Harris*

12   *Rutsky*, 328 F.3d at 1129; *see also Helicopteros Nacionales*, 466 U.S. at 414 n.8; *Burger King*

13   *Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 & n.15 (1985); *Int'l Shoe*, 326 U.S. at 316.

14

15              **a.      Peabody Did Not Purposely Avail Itself of the California**
                         **Forum.**

16              The first prong of the test, the "purposeful availment" prong, ensures that a defendant

17   will not be haled into court in a jurisdiction with which he is not familiar on the basis of

18   "random," "fortuitous," or "attenuated" contacts.  *See Burger King*, 471 U.S. at 475.  The

19   conduct of which the Plaintiffs complain must demonstrate that Peabody "deliberately ...

20   engaged in significant activities within" California and thereby established a "substantial

21   connection" to the State.  *See id.* at 475-76.  As the Ninth Circuit has put it, this prong "requires a

22   'qualitative evaluation of the defendant's contact with the forum state.'"  *Harris Rutsky*, 328

23   F.3d at 1130 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  The contact need not

24   be physical if the effects of the defendant's actions are felt in California, but even under this

25   "effects test," a plaintiff still must show that the defendant (1) intentionally acted (2) through

26   conduct aimed at the forum state, which (3) caused harm that the defendant knew was likely to

27

28

1    be, and was, felt in the forum state.  *See id.* at 1131 (citing *Calder v. Jones*, 465 U.S. 783

2    (1984)).

3            There are no allegations in the Complaint that demonstrate that Peabody acted with the

4    intent of affecting the legally protected rights or interests of any California resident, or that any

5    of Peabody's conduct did in fact have a negative impact on California.  The alleged injury in this

6    case occurred *in Alaska.  Plaintiffs are themselves Alaskan residents and plead no connection to

7    California.*  Peabody did not anticipate, and could not have anticipated, that its lawful business

8    practices would have negative consequences in the forum state of California (or Alaska, for that

9    matter).  Plaintiffs thus cannot show that Peabody purposefully availed itself of the California

10   forum.

11

12                    **b.    Exercising Jurisdiction Over Peabody Would Violate
13                            Traditional Notions of Fair Play and Substantial Justice.**

14           Specific jurisdiction fails under the second prong of the personal jurisdiction test because

15   none of plaintiffs' claims arise from any conduct directed at California.  *First*, Peabody did not

16   purposefully direct its conduct toward the California forum.  *Second*, plaintiffs' theory of

17   specific jurisdiction defies logic.  Plaintiffs allege that "defendants emit gases at other locations,

18   knowing that the harm from their emissions does not remain localized and inevitably merges

19   with the accumulation of emissions in California and in the world," and that defendants'

20   emissions "increase the global atmospheric concentration of greenhouse gases."  Complaint ¶

21   10.[4]  Under plaintiffs' theory, every judicial forum in the United States would have personal

22   jurisdiction over Peabody, given that plaintiffs allege that defendants' emissions are global in

23   scope.  The Court should recognize plaintiffs' choice of this forum for what it is – forum

24

25   shopping – and should not allow it.

26

27   _____

28   [4] As shown above, plaintiffs' allegations that the "misconduct occurs in California" (*see*
     Complaint ¶ 10) is false as to Peabody because Peabody does not do business in California.

1    Finally, requiring Peabody to defend against this frivolous lawsuit in California would be

2    fundamentally unfair.  The Ninth Circuit has identified seven factors relevant for consideration in

3    this regard:  (1) the extent of the defendant's purposeful availment of California; (2) the burden

4    on the defendant in defending in California; (3) the extent of the sovereign conflict with the

5    defendant's home state; (4) California's interest in adjudicating the dispute; (5) the most efficient

6    judicial resolution of the controversy; (6) the importance of California to the plaintiff's interest in

7    convenient and effective relief; and (7) the existence of an alternative forum.  *See Harris Rutsky*,

8    328 F.3d at 1132.  These factors are weighed together and no one factor is dispositive.  *See id.*

9    These factors overwhelmingly support the dismissal of this lawsuit.

10

11    *First*, as explained above, Peabody has not purposefully availed itself of the California

12    forum.[5]  *Second*, forcing Peabody to expend significant resources to defend *in California* against

13    vague allegations that it is responsible for global climate change and the erosion of plaintiffs'

14    lands *in Alaska* would be extremely burdensome and unjust.  It also would essentially endorse

15    plaintiffs' theory that Peabody could be haled into court anywhere in the United States.  *Third*,

16    California has no interest in adjudicating what is, at best, a matter arising out of an injury

17    suffered exclusively in Alaska by Alaskans.[6]  *Fourth*, the most efficient judicial resolution would

18    be to dismiss plaintiffs' claims in recognition that sorting out the myriad climate change issues

19    raised by plaintiffs' claims is a job that should be left to the policymakers and political branches

20

21

22    _____

[5] In *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993), the Ninth
Circuit held that the exercise of personal jurisdiction would violate traditional notions of fair play
and justice where the defendant's only conduct directed toward California was a libelous article
circulated in California.  The Court found, even accepting *arguendo* the allegation that the article
was published with the intent "to cause harm in California," the contact was too "attenuated" for
purposes of assuming jurisdiction.  Likewise, whatever incidental emissions attributable to
Peabody in some abstract sense may accumulate and affect California interests cannot serve as a
basis for exercising jurisdiction over it.

[6] *See, e.g., Doe v. Geller*, 533 F. Supp. 2d 996, 1008 (N.D. Cal. 2008) (stating that "California
has little interest in the outcome" of a case brought by a non-resident plaintiff for injuries
allegedly suffered in his home forum) (citing *Corporate Inv. Bus. Brokers v. Melcher*, 824 F.2d
786, 791 (9th Cir. 1987)).

1   of the federal government.  *Fifth*, California is no more important to plaintiffs than any other

2   forum – they are only here as a result of their forum shopping.  *Sixth*, while there is no

3   alternative forum for this lawsuit, it is because the claims are not justiciable.  Consideration of all

4   of these factors establishes that subjecting Peabody to the Court's jurisdiction would be

5   fundamentally unfair.

6

7                                          **CONCLUSION**

8          The Complaint should be dismissed with prejudice as to Peabody Energy Corporation for

9   lack of personal jurisdiction.

10

11  DATED:  June 30, 2008                        Respectfully Submitted,

12                                                CROWELL & MORING LLP
13                                                By:  /s/  STEVEN P. RICE

14                                                Attorney for Defendant
15                                                PEABODY ENERGY CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I, Tracy A. Roman, certify that on June 30, 2008, I electronically filed the foregoing

3

Notice of Motion and Motion to Dismiss of Defendant Peabody Energy Corporation for Lack of

4

Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), as well as the accompanying Proposed

5

Order, through the Court's ECF System and the document is available for downloading.  I also

6

certify that on June 30, 2008, copies of the foregoing documents were served via U. S. Mail on

7

the following:

8

9

        Dennis J. Reich
        Reich & Binstock, LLP

10

        4265 San Felipe Blvd., Suite 1000
        Houston, TX  77027

11

        Drew D. Hansen

12

        Susman Godfrey L.L.P.
        1201 Third Avenue, Suite 3800

13

        Seattle, WA  98101

14

        H. Lee Godfrey
        Eric J. Mayer

15

        Susman Godfrey L.L.P.
        1000 Louisiana Street, Suite 5100

16

        Houston, TX  77002

17

        James A. O'Brien
        Leeger Weiss LLP

18

        One William Street
        New York, NY  10004

19

        Philip H. Curtis

20

        Michael B. Gerrard
        Arnold & Porter, LLP

21

        399 Park Avenue
        New York, NY  10022

22

        Robert Meadows

23

        Tracie J. Renfroe
        King & Spalding LLP

24

        1100 Louisiana Street, Suite 4000
        Houston, TX  77002

25

        Jeffrey Bossert Clark

26

        Stuart A.C. Drake
        Susan E. Engel

27

        Kirkland & Ellis LLP
        655 Fifteenth Street, N.W.

28

        Washington, D.C.  20005

1

2        Ronald L. Olson
         Munger Tolles & Olson
3        355 South Grand Ave., Suite 3500
         Los Angeles, CA  90071

4        F. William Brownell
         Allison D. Wood
5        Hunton & Williams LLP
         1900 K Street, N.W.
6        Washington, D.C.  20006

7        Benjamin S. Lippard
         Vinson & Elkins, LLP
8        1455 Pennsylvania Ave., N.W.
         Washington, D.C.  20004
9
         Kevin Patrick Holewinski
10       Jones Day
         51 Louisiana Avenue, N.W.
11       Washington, D.C.  20001

12       Thomas E. Fennell
         Michael L. Rice
13       Jones Day
         2727 N. Harwood Street
14       Dallas, TX  75201

15
                                        /s/ Tracy A. Roman
16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ATTESTATION OF SIGNATURES</u>**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

/s/ Tracy A. Roman_____

# EXHIBIT 1

Steven P. Rice (State Bar No. 094321)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone:     (949) 798-1310
Facsimile:      (949) 263-8414
Email: srice@crowell.com

Kathleen Taylor Sooy (admitted *pro hac vice*)
Scott L. Winkelman (admitted *pro hac vice*)
Tracy A. Roman (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:     (202) 624-2500
Facsimile:      (202) 628-5116
Email: ksooy@crowell.com
          swinkelman@crowell.com
          troman@crowell.com

Attorneys for Defendant
PEABODY ENERGY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATIVE VILLAGE OF KIVALINA, *et al.*,    ) | CASE NO. C08-01138 SBA |
| )<br>Plaintiffs,    ) | **AFFIDAVIT OF JOHN F. QUINN, JR.** |
| )<br>v.    ) | |
| )<br>EXXONMOBIL CORPORATION, *et al.*,    ) | |
| )<br>Defendants    ) | |

I, John F. Quinn, Jr., being duly sworn, state as follows:

     1.     I am the Vice President of Tax of Peabody Energy Corporation ("Peabody"). Through my employment with Peabody, I am familiar with Peabody's business operations. I make this Affidavit based on facts within my personal knowledge and/or the review of records prepared and maintained by Peabody in the ordinary course of its business.

     2.     Peabody is a publicly traded company. It is organized under the laws of Delaware and maintains its principal place of business in St. Louis, Missouri.

     3.     Peabody is not currently registered to do business in California.

     4.     Peabody does not, either on its own or through agents, do business in the State of California.

     5.     Peabody does not maintain an office in California or have any employees in California.

     6.     Peabody does not, directly or indirectly, supply electricity to California.

     7.     Peabody does not have coal supply contracts that were negotiated or are to be performed, in whole or in part, in the State of California.

     8.     Peabody does not pay taxes in California.

     9.     Peabody does not maintain any bank or investment accounts in California.

     10.     Peabody does not own property or any other assets in California.

Further affiant sayeth not.

Dated this 27 day of June, 2008, in St. Louis City, Missouri

_John F. Quinn, Jr._

Sworn and subscribed before me
this 27th day of June, 2008

_Mary Unnerstall_
Notary Public
My commission expires: _August 30, 2011_

MARY UNNERSTALL
Notary Public - Notary Seal
State of Missouri, St Charles County
Commission # 07525127
My Commission Expires Aug 30, 2011

3

1  Steven P. Rice (State Bar No. 094321)
   CROWELL & MORING LLP
2  3 Park Plaza, 20th Floor
   Irvine, CA  92614-8505
3  Telephone:  (949) 798-1310
   Facsimile:  (949) 263-8414
4  Email:  srice@crowell.com

5  Kathleen Taylor Sooy (admitted *pro hac vice*)
   Scott L. Winkelman (admitted *pro hac vice*)
6  Tracy A. Roman (admitted *pro hac vice*)
   CROWELL & MORING LLP
7  1001 Pennsylvania Avenue, N.W.
   Washington, D.C.  20004
8  Telephone:  (202) 624-2500
   Facsimile:  (202) 628-5116
9  Email:  ksooy@crowell.com
           swinkelman@crowell.com
10          troman@crowell.com

11 Attorneys for Defendant
   PEABODY ENERGY CORPORATION

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                          OAKLAND DIVISION
15

16 NATIVE VILLAGE OF KIVALINA, *et al.*,      )   CASE NO. C08-01138 SBA
                                             )
17                   Plaintiffs,             )   **PROPOSED ORDER**
                                             )
18           v.                              )   Hon. Saundra B. Armstrong
                                             )
19 EXXONMOBIL CORPORATION, *et al.*,          )
                                             )
20                   Defendants              )
                                             )
21 _____ )

22
              **PROPOSED ORDER GRANTING MOTION TO DISMISS**
23            **OF DEFENDANT PEABODY ENERGY CORPORATION**
              **FOR LACK OF PERSONAL JURISDICTION**
24
          This cause came before the Court for hearing of Motion to Dismiss of Defendant
25
   Peabody Energy Corporation for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P.
26
   12(b)(2), filed on June 30, 2008.  A hearing was conducted on December 9, 2008, at which
27
   counsel for plaintiffs and defendants appeared.  After consideration of the arguments, this Court
28

1    finds that it lacks personal jurisdiction over defendant Peabody Energy Corporation ("Peabody").

2    Peabody is not located in California, does not do business in California, and has not purposefully

3    directed any corporate acts toward California or its residents.  *See World-Wide Volkswagon*

4    *Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Helicopteros Nacionales de Columbia v. Hall*, 466

5    U.S. 408, 415 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).  Moreover,

6    exercising personal jurisdiction over Peabody would be fundamentally unfair in this case.  *See*

7    *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir.

8    2003).  Peabody's Motion to Dismiss for Lack of Personal Jurisdiction is therefore granted and

9    the case is dismissed with prejudice as to Peabody.

10         It is hereby ORDERED AND ADJUDGED that the Motion to Dismiss of Defendant

11   Peabody Energy Corporation for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P.

12   12(b)(2) is GRANTED and plaintiffs' claims are hereby DISMISSED with prejudice as to

13   Peabody.

14         So ORDERED AND ADJUDGED this the __ day of _____, 2008.

15

16

17         _____

18         Saundra Brown Armstrong
           United States District Judge

19

20

21

22

23

24

25

26

27

28