1   Steven P. Rice (State Bar No. 094321)
    CROWELL & MORING LLP
2   3 Park Plaza, 20th Floor
    Irvine, CA  92614-8505
3   Telephone:  (949) 798-1310
    Facsimile:  (949) 263-8414
4   Email:  srice@crowell.com

5   Kathleen Taylor Sooy (admitted *pro hac vice*)
    Scott L. Winkelman (admitted *pro hac vice*)
6   Tracy A. Roman (admitted *pro hac vice*)
    CROWELL & MORING LLP
7   1001 Pennsylvania Avenue, N.W.
    Washington, D.C.  20004
8   Telephone:  (202) 624-2500
    Facsimile:  (202) 628-5116
9   Email:  ksooy@crowell.com
            swinkelman@crowell.com
10          troman@crowell.com

11  Attorneys for Defendant
    PEABODY ENERGY CORPORATION

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                         OAKLAND DIVISION

15

16  NATIVE VILLAGE OF KIVALINA, *et al.*,    )   CASE NO. C08-01138 SBA
                                             )
17                         Plaintiffs,       )   **AMENDED PROPOSED ORDER**
                                             )
18            v.                             )   Hon. Saundra B. Armstrong
                                             )
19  EXXONMOBIL CORPORATION, *et al.*,        )
                                             )
20                         Defendants        )
                                             )
21  _____ )

22          **AMENDED PROPOSED ORDER GRANTING MOTION TO DISMISS**
            **OF DEFENDANT PEABODY ENERGY CORPORATION**
23                  **FOR LACK OF PERSONAL JURISDICTION**

24          This cause came before the Court for hearing of Motion to Dismiss of Defendant

25  Peabody Energy Corporation for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P.

26  12(b)(2), filed on June 30, 2008.  A hearing was conducted on December 9, 2008, at which

27  counsel for plaintiffs and defendants appeared.  After consideration of the arguments, and based

28  on the Statement of Facts and Analysis below, this Court finds that it lacks personal jurisdiction

1  over defendant Peabody Energy Corporation ("Peabody").

2                          **STATEMENT OF FACTS**

3          Plaintiffs are an Alaskan tribe and a municipality incorporated in Alaska, which is

4  occupied primarily by the members of the tribe.  They reside 70 miles north of the Arctic Circle

5  and have no apparent connection to California, let alone to this judicial district.  Through this

6  action, they are seeking damages for purported "global warming" torts.  Plaintiffs allege that

7  greenhouse gases, and the phenomenon called climate change, are causing a loss of arctic sea ice

8  along the coast of Kivalina, which has increased Kivalina's vulnerability to coastal erosion.  *See*

9  Compl. ¶ 185.  They claim that coastal erosion risks destruction of structures and infrastructure

10 in the village, and Kivalina is in danger of flooding.  *Id*. ¶¶ 4, 185.  As a result, their village will

11 need to be abandoned or relocated as a result of climate change-related damages.  *Id*. ¶¶ 1, 186.

12         The Complaint alleges with respect to Peabody that it does business in California (*id*. ¶

13 52); it supplied electricity to California through subsidiaries in 1999 (*id*. ¶ 54); through the

14 operation of the Black Mesa Coal Mine, it supplied coal slurry to a Nevada generating station

15 which in turn supplied electricity to California (*id*. ¶ 55); it is registered to do business in

16 California (*id*. ¶ 55); it is a company in which the California Public Employees' Retirement

17 System owns shares (*id*. ¶ 56); and it has solicited shareholders in California through the mail

18 and directed the deposit of dividend checks into the California banks of shareholders.  (*Id*. ¶ 56).

19                          **STANDARD OF REVIEW**

20         Where the Court lacks jurisdiction over the defendant's *person*, the lawsuit must be

21 dismissed as to that defendant.  *See* Fed. R. Civ. P. 12(b)(2); *World-Wide Volkswagon Corp. v.*

22 *Woodson*, 444 U.S. 286, 291 (1980).  In determining issues of jurisdiction, the Court may

23 consider facts established by affidavit that demonstrate the falsity of allegations in the

24 Complaint.  *See Tercica, Inc. v. Insmed Inc.*, No. 05-5027, 2006 WL 1626930, at *8 (N.D. Cal.

1   June 9, 2006) (Armstrong, J.).

2       Once personal jurisdiction is challenged, it is the plaintiffs' burden to show that

3   jurisdiction exists. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d

4   1122, 1128-29 (9th Cir. 2003). Plaintiffs may not rely on conclusory allegations to establish

5   personal jurisdiction. *See Data Disc., Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285

6   (9th Cir. 1977). Because the touchstone of the personal jurisdiction inquiry is whether exercising

7   personal jurisdiction over a non-resident defendant would comport with due process, it is

8   plaintiffs' burden to show that the Court's exercise of jurisdiction over Peabody would satisfy

9   the Due Process Clause, as well as traditional notions of fair play and substantial justice. *See*

10  *Harris Rutsky*, 328 F.3d at 1129.

11                                      **ANALYSIS**

12      The Due Process Clause of the Fourteenth Amendment protects a non-resident entity

13  from suit in a jurisdiction with which the entity has no meaningful "contacts, ties, or relations."

14  *Int'l Shoe v. Washington*, 326 U.S. 310, 319 (1945). Due process is satisfied only if the facts

15  warrant the exercise of either "general" or "specific" jurisdiction over the defendant. *See Harris*

16  *Rutsky*, 328 F.3d at 1129 & n.1.

17      General jurisdiction exists only where a defendant's contacts with the forum state are so

18  "continuous and systematic" that a court may exercise jurisdiction regardless of whether the

19  lawsuit stems from a particular contact. *See Helicopteros Nacionales de Columbia v. Hall*, 466

20  U.S. 408, 415 (1984).

21      To demonstrate that specific jurisdiction exists, plaintiffs must show that: (1) defendant

22  purposefully directed its activities toward California or consummated a transaction within

23  California; (2) the claims arise out of such activities; and (3) the Court's exercise of jurisdiction

24  over defendant would comport with notions of fair play and substantial justice. *See Harris*

1   *Rutsky*, 328 F.3d at 1129; *see also Helicopteros Nacionales*, 466 U.S. at 414 n.8; *Burger King*

2   *Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 & n.15 (1985); *Int'l Shoe*, 326 U.S. at 316.  The

3   requirement for "purposeful availment" ensures that a defendant will not be haled into court in a

4   jurisdiction with which he is not familiar on the basis of "random," "fortuitous," or "attenuated"

5   contacts.  *See Burger King*, 471 U.S. at 475.  The conduct of which the plaintiffs complain must

6   demonstrate that defendant "deliberately ... engaged in significant activities within" California

7   and thereby established a "substantial connection" to the State.  *See id.* at 475-76.  As the Ninth

8   Circuit has put it, this test "requires a 'qualitative evaluation of the defendant's contact with the

9   forum state.'"  *Harris Rutsky*, 328 F.3d at 1130 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th

10  Cir. 1987)).  The contact need not be physical if the effects of the defendant's actions are felt in

11  California, but even under this "effects test," a plaintiff still must show that the defendant (1)

12  intentionally acted (2) through conduct aimed at the forum state, which (3) caused harm that the

13  defendant knew was likely to be, and was, felt in the forum state.  *See id.* at 1131 (citing *Calder*

14  *v. Jones*, 465 U.S. 783 (1984)).

15

16       The Court lacks both general and specific jurisdiction over Peabody.  Peabody is

17  incorporated in Delaware and maintains its principal place of business in St. Louis, Missouri.  It

18  is not a California resident and does not maintain a business office in California.  *See* Affidavit

19  of John F. Quinn, Jr. ("Quinn Affidavit") (Exh. 1) ¶¶ 5, 10.  It also does not do business in the

20  State of California and has not purposefully directed any corporate acts toward California or its

21  residents, such as supplying electricity to California.  *See id.* ¶¶ 4, 6.  Furthermore, Peabody does

22  not have any existing coal supply contracts in California, does not pay taxes to California, and

23  does not maintain bank or investment accounts in California.  *Id.* ¶¶ 7, 8, 9.

24       Moreover, plaintiffs cannot show that the Court has specific jurisdiction over Peabody

25  because they have not alleged any facts that demonstrate that Peabody acted with the intent of

26

27

28

1   affecting the legally protected rights or interests of any California resident, or that any of

2   Peabody's conduct did in fact have a negative impact on California. *See Burger King*, 471 U.S.

3   at 475.  The alleged injury in this case occurred in Alaska and plaintiffs are themselves Alaskan

4   residents and plead no connection to California.  Peabody did not anticipate, and could not have

5   anticipated, that its lawful business practices would have negative consequences in the forum

6   state of California (or Alaska, for that matter).

7

8           Based on the foregoing discussion, the Court also finds that exercising jurisdiction over

9   Peabody under either a "general" or "specific" theory of personal jurisdiction would violate

10  Peabody's due process rights because Peabody has no meaningful contacts, ties or relations with

11  California.  *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,

12  1132 (9th Cir. 2003).  Under plaintiffs' legal theory of liability, every judicial forum in the

13  United States would have personal jurisdiction over Peabody, given that plaintiffs allege that

14  defendants' emissions are global in scope.  This is an untenable position and one that would lead

15

16  to a fundamentally unfair result.

17                                  **<u>CONCLUSION</u>**

18          For the reasons stated above, the Court finds that it lacks personal jurisdiction over

19  Peabody.  Thus, it is hereby ORDERED AND ADJUDGED that the Motion to Dismiss of

20  Defendant Peabody Energy Corporation for Lack of Personal Jurisdiction Pursuant to Fed. R.

21  Civ. P. 12(b)(2) is GRANTED and plaintiffs' claims are hereby DISMISSED with prejudice as

22  to Peabody.

23

24          So ORDERED AND ADJUDGED this the __ day of _____, 2008.

25

26                                  _____

27                                  Saundra Brown Armstrong
                                    United States District Judge

28

1

### CERTIFICATE OF SERVICE

2

      I, Tracy A. Roman, certify that on July 1, 2008, I electronically filed the foregoing

3

Amended Proposed Order Granting the Motion to Dismiss of Defendant Peabody Energy

4

Corporation for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) through the

5

Court's ECF System and the document is available for downloading.  I also certify that on July

6

1, 2008, copies of the foregoing documents were served via U. S. Mail on the following:

7

8

                 Dennis J. Reich
                 Reich & Binstock, LLP

9

                 4265 San Felipe Blvd., Suite 1000
                 Houston, TX  77027

10

                 Drew D. Hansen

11

                 Susman Godfrey L.L.P.
                 1201 Third Avenue, Suite 3800

12

                 Seattle, WA  98101

13

                 H. Lee Godfrey
                 Eric J. Mayer

14

                 Susman Godfrey L.L.P.
                 1000 Louisiana Street, Suite 5100

15

                 Houston, TX  77002

16

                 James A. O'Brien
                 Leeger Weiss LLP

17

                 One William Street
                 New York, NY  10004

18

                 Philip H. Curtis

19

                 Michael B. Gerrard
                 Arnold & Porter, LLP

20

                 399 Park Avenue
                 New York, NY  10022

21

22

                 Robert Meadows
                 Tracie J. Renfroe
                 King & Spalding LLP

23

                 1100 Louisiana Street, Suite 4000
                 Houston, TX  77002

24

                 Jeffrey Bossert Clark

25

                 Stuart A.C. Drake
                 Susan E. Engel
                 Kirkland & Ellis LLP

26

                 655 Fifteenth Street, N.W.
                 Washington, D.C.  20005

27

28

                 Ronald L. Olson
                 Munger Tolles & Olson
                 355 South Grand Ave., Suite 3500

1    Los Angeles, CA  90071

2    F. William Brownell
     Allison D. Wood
3    Hunton & Williams LLP
     1900 K Street, N.W.
4    Washington, D.C.  20006

5    Benjamin S. Lippard
     Vinson & Elkins, LLP
6    1455 Pennsylvania Ave., N.W.
     Washington, D.C.  20004
7
     Kevin Patrick Holewinski
8    Jones Day
     51 Louisiana Avenue, N.W.
9    Washington, D.C.  20001

10   Thomas E. Fennell
     Michael L. Rice
11   Jones Day
     2727 N. Harwood Street
12   Dallas, TX  75201

13
                                              /s/ Tracy A. Roman
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28