1  JOHN F. DAUM (SBN 52313)
   jdaum@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6111
4  Facsimile: (213) 430-6407

5  JONATHAN D. HACKER (*Pro hac vice*)
   jhacker@omm.com
6  O'MELVENY & MYERS LLP
   1625 Eye Street, NW
7  Washington, DC 20006-4001
   Telephone: (202) 383-5300
8  Facsimile: (202) 383-5414

   Attorneys for Defendant
9  EXXON MOBIL CORPORATION

10 [*Counsel Listing Continued on Next Page*]

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                       OAKLAND DIVISION

| | |
|---|---|
| 14 NATIVE VILLAGE OF KIVALINA and CITY OF KIVALINA, | CASE NO. C 08-01138 SBA |
| 15      Plaintiffs, | **ORDER RE: MOTION OF CERTAIN OIL COMPANY DEFENDANTS TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| 16      vs. | |
| 17 EXXON MOBIL CORPORATION; BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORPORATION; CHEVRON U.S.A., INC.; CONOCOPHILLIPS COMPANY; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; PEABODY ENERGY CORPORATION; THE AES CORPORATION; AMERICAN ELECTRIC POWER COMPANY, INC.; AMERICAN ELECTRIC POWER SERVICES CORPORATION; DTE ENERGY COMPANY; DUKE ENERGY CORPORATION; DYNEGY HOLDINGS, INC.; EDISON INTERNATIONAL; MIDAMERICAN ENERGY HOLDINGS COMPANY; MIRANT CORPORATION; NRG ENERGY; PINNACLE WEST CAPITAL CORPORATION; RELIANT ENERGY, INC.; THE SOUTHERN COMPANY; AND XCEL ENERGY, INC., | |
| 26      Defendants. | |

27
28

[REVISED PROPOSED] ORDER RE: OIL COMPANY DEFTS.' RULE 12(b)(6) MOTION

| | |
|---|---|
| RONALD L. OLSON (SBN 44597)<br>Ronald.Olson@mto.com<br>DANIEL P. COLLINS (SBN 139164)<br>Daniel.Collins@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA  90071-1560<br>Telephone:     (213) 683-9100<br>Facsimile:      (213) 687-3702<br><br>JEROME C. ROTH (SBN 159483)<br>Jerome.Roth@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street<br>San Francisco, CA  94105-2907<br>Telephone:     (415) 512-4000<br>Facsimile:      (415) 512-4077<br><br>Attorneys for Defendant<br>SHELL OIL COMPANY | ROBERT MEADOWS (*Pro hac vice*)<br>rmeadows@kslaw.com<br>TRACIE J. RENFROE (*Pro hac vice*)<br>trenfroe@kslaw.com<br>JONATHAN L. MARSH (*Pro hac vice*)<br>jlmarsh@kslaw.com<br>KING & SPALDING LLP<br>1100 Louisiana Street, Suite 4000<br>Houston, TX  77002-5213<br>Telephone:     (713) 751-3200<br>Facsimile:      (713) 751-3290<br><br>LISA KOBIALKA (SBN 191404)<br>lkobialka@kslaw.com<br>KING & SPALDING LLP<br>1000 Bridge Parkway, Suite 100<br>Redwood City, CA  94065<br>Telephone:     (650) 590-0700<br>Facsimile:      (650) 590-1900<br><br>Attorneys for Defendants<br>CHEVRON CORPORATION and<br>CHEVRON U.S.A. INC. |
| STUART A. C. DRAKE (*Pro hac vice*)<br>sdrake@kirkland.com<br>ANDREW B. CLUBOK (*Pro hac vice*)<br>aclubok@kirkland.com<br>SUSAN E. ENGEL (*Pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5173<br>Facsimile:   (202) 879-5200<br><br>ELIZABETH DEELEY (SBN 230798)<br>edeeley@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1861<br>Facsimile:   (415) 439-1500<br><br>Attorneys for CONOCOPHILLIPS COMPANY | MATTHEW HEARTNEY (SBN 123516)<br>Matthew.Heartney@aporter.com<br>ARNOLD & PORTER LLP<br>777 S. Figueroa Street, 44th Floor<br>Los Angeles, CA  90017-5844<br>Telephone: (213) 243-4150<br>Facsimile:   (213) 243-4199<br><br>PHILIP H. CURTIS (*Pro hac vice*)<br>Philip.Curtis@aporter.com<br>MICHAEL B. GERRARD (*Pro hac vice*)<br>Michael.Gerrard@ aporter.com<br>ARNOLD & PORTER LLP<br>399 Park Avenue<br>New York, New York  10022<br>Telephone: (212) 715-1000<br>Facsimile:   (212) 715-1399<br><br>Attorneys for BP AMERICA INC., AND<br>BP PRODUCTS NORTH AMERICA INC. |

[REVISED PROPOSED] ORDER RE: OIL COMPANY DEFTS.' RULE 12(b)(6) MOTION

On June 30, 2008, Defendants ExxonMobil Corporation, Shell Oil Company, Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips Company, BP America Inc., and BP Products North America Inc. (the "Oil Company Defendants") filed a "Motion of Certain Oil Company Defendants To Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)" ("Motion").  Upon consideration of all of the moving, opposition, and reply papers, the files and records of this case, and the argument presented at the hearing on the Motion, the Court grants the Motion and orders the Complaint dismissed with prejudice.

**BACKGROUND**

Plaintiffs are the Native Village of Kivalina and City of Kivalina, the self-described "governing bodies" of a small Alaskan village. (Compl. ¶ 1.) They allege that a long-building rise in atmospheric greenhouse gas concentrations is changing the planet's climate: "human activity" across the Earth "since the dawn of the industrial revolution" has increased greenhouse gas levels which, in turn, have caused the earth to retain more heat; this global warming has led to changing weather patterns and has delayed the annual formation of sea ice in the Arctic, leaving the village of Kivalina susceptible to fierce winter storm activity; and storm activity has damaged plaintiffs' real property. (Compl. ¶¶ 4, 16-17, 124-127, 132.) Because carbon dioxide "persist[s] in the atmosphere for several centuries," "each year's emissions" are "added to those that came before," creating planet-wide levels of atmospheric greenhouse gases that are warming the entire Earth's climate. (Compl. ¶ 125.) Collectively, human activity worldwide has caused atmospheric carbon dioxide levels to "increase[] by 35 percent" since "the 18th century." (*Id.*)

Plaintiffs do not explicitly allege that their claimed global warming-related property damage was caused by the handful of companies they name in their suit. Nonetheless, plaintiffs allege the Oil Company Defendants are liable in tort for plaintiffs' damage because their greenhouse gas emissions, like those from other human actors over the centuries, "contributed" to global warming. (Compl. ¶ 67.) Plaintiffs raise four theories of recovery: first, a federal common law public nuisance claim (Compl. ¶ 250); second, a state-law private and public nuisance claim (Compl. ¶¶ 262-267); third and fourth, claims alleging that certain defendants conspired and acted

1  in concert to create, contribute to, or maintain a public nuisance (Compl. ¶¶ 268-282).  As
2  explained below, the Court determines that Plaintiffs have failed to state a claim upon which
3  relief can be granted.

**ANALYSIS**

5  1. Plaintiffs do not allege facts in support of their nuisance claims that would
6  establish that the defendants were the factual and legal cause of plaintiffs' property damage.
7  Causation is an essential element of a nuisance claim, *see, e.g.*, *Martinez v. Pacific Bell*, 225 Cal.
8  App. 3d 1557, 1565-66 (1990), yet plaintiffs cannot show that the defendants' conduct is either a
9  necessary or sufficient cause of their property damage.  *See, e.g.*, *Osborn v. Irwin Mem'l Blood*
10 *Bank*, 5 Cal. App. 4th 234, 252 (1992); *Staton ex rel. Vincent v. Fairbanks Mem'l Hosp.*, 862
11 P.2d 847, 851 & n.7 (Alaska 1993).  According to plaintiffs' own complaint, the true cause of
12 global warming is all greenhouse-gas emitting human activity worldwide since the dawn of the
13 Industrial Revolution, not the defendants' emissions.  (Compl. ¶ 132.)  Defendants' conduct
14 accordingly is not a substantial factor in causing their injury.  *See* Restatement (Second) of Torts
15 §§ 431-433; *Parks Hiway Enters. v. CEM Leasing, Inc.*, 995 P.2d 657, 666 (Alaska 2000);
16 *Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1052-53 (1991).  Neither are defendants' activities the
17 legal cause of plaintiffs' injuries.  On the facts as alleged by plaintiffs, defendants' emissions
18 have "merged in the general forces that surround us," *Vincent*, 862 P.2d at 851 n.8, and their
19 connection to plaintiffs' property damage is attenuated.  Plaintiffs' nuisance claims must therefore
20 be dismissed.

21 2. Plaintiffs cannot pursue a federal common law nuisance claim, both because any
22 such claim is available only to States seeking injunctive relief and because Congress has by
23 statute displaced the authority of federal courts to create common law rules in this area.  "[I]t is
24 for Congress, not federal courts, to articulate the appropriate standards to be applied as a matter of
25 federal law."  *City of Milwaukee v. Illinois*, 451 U.S. 304, 317 (1981).  Plaintiffs do not contend
26 that Congress has affirmatively authorized the courts to regulate greenhouse gas emissions.  *Cf.*
27 *Nat'l Audubon Soc'y v. Dep't of Water*, 869 F.2d 1196, 1202 (9th Cir. 1988) ("Congress has not
28 authorized the courts to develop a substantive law of air pollution.").  Nor is there "'a uniquely

federal interest' in protecting the quality of the nation's air." *Id.* at 1203. In the absence of a sovereign State as plaintiff asserting that pollution interferes with the use or enjoyment of its territory, courts have no authority to create a federal common law nuisance tort. *Id.* at 1205. Moreover, any federal common law nuisance tort as may exist has never supported an action by non-State plaintiffs for damages. *See, e.g.*, *Illinois v. City of Milwaukee*, 406 U.S. 91, 96-97, 108 n.10 (1972); *Georgia v. Tennessee Copper Co.*, 206 U.S. 230, 237-38 (1907); *Missouri v. Illinois*, 180 U.S. 208, 241, 244 (1901); *Missouri v. Illinois*, 200 U.S. 496, 520-21 (1906). Finally, the Clean Air Act ("CAA") displaces the authority of courts to regulate nationwide greenhouse gas emissions and global warming through federal common law nuisance claims. The CAA "was intended comprehensively to regulate, through guidelines and controls, the complexities of restraining and curtailing modern day air pollution." *Bunker Hill Co. Lead & Zinc Smelter v. EPA*, 658 F.2d 1280, 1284 (9th Cir. 1981). The CAA grants the EPA authority to regulate greenhouse gas emissions in accordance with that Act. *See Massachusetts v. EPA*, 127 S. Ct. 1438, 1459-62 (2007). Congress has thus "spoke[n] directly" to the issue, *Milwaukee*, 451 U.S. at 315, and thereby displaced the authority of courts to fashion their own rules and standards governing the same subject under the guise of federal common law. *See id.* at 320 ("Federal courts lack authority to impose more stringent [regulations] under federal common law than those imposed by the agency charged by Congress with administering this comprehensive scheme.").

        3.     Plaintiffs' conspiracy and concert of action claims are not independent torts, but simply means of assigning derivative liability for an underlying tortious act. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994); *Pac. Tel. & Tel. Co. v. MCI Telecomm. Corp.*, 649 F.2d 1315, 1319 (9th Cir. 1981); *Christensen v. NCH Corp.*, 956 P.2d 468, 476 (Alaska 1998); *Chavers v. Gatke Corp.*, 107 Cal.App.4th 606, 615 (2003). These secondary liability claims thus fall along with the primary nuisance claims. Plaintiffs' conspiracy claims also seek to impose liability for activity that is protected by the Petition and Speech Clauses of the First Amendment to the U.S. Constitution, and must be dismissed for that reason as well. *See, e.g.*, *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 379-84 (1991); *Sosa v. DIRECTV*, 437 F.3d 923, 929-32 (9th Cir. 2006).

\* \* \*

For the foregoing reasons, Defendants' Motion is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

DATED: _____, 2008

By: _____
The Hon. Saundra Brown Armstrong
United States District Judge